UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00132-RJC
3:18-cr-00100-RJC-DSC-1

| | |
|---|---|
| RONALD LOVETTE LYNCH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

## I. BACKGROUND

On March 20, 2018, Petitioner Ronald Lovette Lynch ("Petitioner") was charged in a Bill of Indictment with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); one count of brandishing a firearm in furtherance of crime of violence in violation of 18 U.S.C. § 924(c) (Count Two); and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). [CR Doc. 1: Bill of Indictment]. Thereafter, the Government filed an Information pursuant to 21 U.S.C. § 851 to establish Petitioner's three prior North Carolina violent felony convictions for robbery with a dangerous weapon. [CR Doc. 13: § 851 Information]. Petitioner pleaded guilty to all three counts pursuant to a written plea agreement. [CR Docs. 15: Plea Agreement, 17: Acceptance and Entry of Guilty Plea].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00132-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00100-RJC-DSC-1.

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 28: PSR]. The PSR recommended that Petitioner be found an armed career criminal and a career offender, with corresponding enhancements to his sentence under the Guidelines.[2] [See id. at ¶¶ 37, 42-43]. Petitioner objected to the recommended career offender status, arguing that Hobbs Act robbery is not a crime of violence for career offender guideline purposes. [CR Doc. 35]. The probation officer, in turn, revised the PSR, removed the career offender recommendation, and adjusted the recommended sentence accordingly. [See CR Doc. 36: Revised PSR]. The Government responded, arguing that the Petitioner is a career offender and that the Guidelines, therefore, recommend an imprisonment range of 272 to 319 months. [CR Doc. 38].

At sentencing, the Court determined that Hobbs Act robbery qualifies as a predicate crime of violence for career offender purposes, resulting in a Guidelines range of 272 to 319 months. [CR Doc. 41: Statement of Reasons]. The Government withdrew its § 851 Information. The Court varied downward from the recommended range as provided in the Statement of Reasons, sentencing Petitioner to a term of imprisonment of 180 months on Counts One and Three to run concurrently and a consecutive sentence of 84 months on Count Two, for a total term of imprisonment of 264 months. [CR Doc. 40 at 2: Judgment]. Judgment on Petitioner's conviction was entered on June 25, 2019. [Id.]. Petitioner did not directly appeal.

On March 25, 2022, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. In his § 2255 motion, Petitioner claims that (1) he "was over sentenced due to enhancements" because "Hobbs Act Robbery is not a crime of violence under the career

---

[2] Under U.S.S.G. §4B1.1(b), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2

offender provision of the Sentencing Guidelines;" (2) the "error was clear obvious" where the Court enhanced Petitioner's sentence "us[ing] priors that [are] not considered violent in the State of North Carolina;" (3) his substantial rights were affected through the improper application of the Guidelines career offender enhancement; and (4) his sentence is invalid. [Id. at 4-5, 7-8].

For relief, Petitioner asks the Court to vacate his criminal judgment and conduct "de novo or plain-error review" of Petitioner's sentence without consideration of Hobbs Act robbery as a crime of violence under the Guidelines. [Id. at 12].

Petitioner acknowledges that his motion to vacate is untimely. [Id. at 11]. He asks that the untimeliness be excused because he "did not have access to [his] paperwork" because he had to mail it home. Petitioner also states that "[t]he pandemic came into play;" he was on lockdown without access to a law library and mail was "backed up." [Id.].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

3

Case 3:22-cv-00132-RJC   Document 2   Filed 03/30/22   Page 3 of 6

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on July 9, 2019, when his deadline to appeal expired. Petitioner, however, did not file the instant motion to vacate until almost two years after his conviction became final. Petitioner's motion, therefore, is untimely and barred by the AEDPA. Additionally, Petitioner has not stated adequate grounds for the application of equitable tolling. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights

4

diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

While Plaintiff's efforts may have been hampered by lock downs and COVID-19-related restrictions at his facility for approximately four months during the year after his conviction became final, Petitioner was not without ample opportunity to prepare his motion. Petitioner also claims that he was without his "paperwork." Petitioner, however, has not shown that he was prevented from timely filing this motion, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner.[3] Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). The Court will, therefore, deny and dismiss Petitioner's motion to vacate.

As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

---

[3] Even if Petitioner's motion to vacate were not time-barred, it is procedurally barred for Petitioner's failure to raise the issues on direct appeal. See Bousley v. United States, 118 S.Ct. 1604, 1611 (1998). Furthermore, Petitioner's challenge is not cognizable on collateral review in any event. "[N]ot every alleged sentencing error can be corrected on collateral review… [O]nly those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Petitioner's claim here is not cognizable because he does not identify an error resulting in a fundamental defect. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("[b]arring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding"). Moreover, to the extent Petitioner's claims rely on the premise that North Carolina robbery with a dangerous weapon is not a crime of violence for career offender predicate purposes, he is incorrect. See United States v. Pittman, 728 Fed. App'x 197 (4th Cir. 2018) (unpublished).

5

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: March 30, 2022

Robert J. Conrad, Jr.
United States District Judge